OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This appeal involves two actions, one an action for a declaratory judgment and the other a proceeding under CPLR article 78. The central issue in contention in each is whether, following the refusal of the voters to approve a school budget and the adoption by the board of education of an austerity budget for the school year 1976-1977 pursuant to section 2023 of the Education Law, expenses for pupil instructional supplies are "ordinary contingent expenses” and therefore includable within the austerity budget. On motion of the board of *891 education, as plaintiff in the first action and as respondent in the article 78 proceeding, the actions were consolidated.
The board then moved for summary judgment declaring the rights and remedies of the parties. Supreme Court granted the motion and made a declaration of rights substantially in conformity with the contentions of the board of education and the petitioners in the article 78 proceeding, to wit, that "such students’ instructional supplies as are reasonably related to a recognized part of a public elementary or secondary school curriculum are a proper charge as an ordinary contingent expense”.
On appeal the Appellate Division concluded that a bulletin (with attachment) of the Department of Education which took a contrary position did not constitute a determination with respect to which judicial review could be sought and pointed both to the availability of a reference to the Commissioner of Education for a pertinent decision pursuant to section 2024 of the Education Law and to the desirability of obtaining such a decision prior to seeking judicial redress. Accordingly, the Appellate Division declined, on the stated grounds, to entertain the application for declaratory relief and directed that both the complaint and the petition be dismissed.
The granting of declaratory relief is discretionary (CPLR 3001). We cannot say that the declination to entertain the applications for such relief in this instance constituted an abuse of discretion as a matter of law or that there was otherwise any failure to conform to the prescriptions of CPLR 3001.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.